**YI QUN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 04–3440–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

**415**

Lin Li, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Natasha Oeltjen, Ross E. Morrison, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Yi Qun Chen, a native and citizen of the People's Republic of China, seeks review of a June 24, 2004 order of the BIA, affirming the May 13, 2003 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Qun Chen*, No. A079 407 796 (B.I.A. June 24, 2004), *aff'g* No. A079 407 796 (Immig. Ct. N.Y. City May 13, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### I. Asylum and Withholding of Removal

■ We find that the IJ did not err in concluding that the mistreatment Chen endured as a result of his refusal to pay his investment partners was not "on account of" a statutorily-protected ground. Asylum eligibility depends on persecution on account of one of five statutorily-prescribed grounds: the applicant's race, religion, nationality, political opinion, or par-

ticular social group. *See* 8 U.S.C. § 1101(a)(42).

The IJ reasonably found that Chen failed to demonstrate a nexus to a protected ground. Chen did not testify to any political involvement or motivation, nor did he testify that he was perceived as having political motivations. To the contrary, Chen's testimony suggests that he was targeted by his partners, who wanted more money. While Chen contends that his refusal to pay was an attempt to fight corrupt government practices, the Government correctly notes that Chen failed to raise this argument before the BIA, and it is therefore unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007) (issue exhaustion is "mandatory"). Accordingly, we decline to consider it. We therefore conclude that the IJ correctly denied asylum and withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

■ Chen claims persecution under China's coercive population control policy. However, as the husband of a woman who has allegedly undergone three forced abortions and two forced IUD insertions, Chen is not per se eligible for asylum. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–10 (2d Cir.2007) (en banc). An applicant may establish eligibility for relief based on "other resistance" to a coercive population control policy. *Id.* at 313 (citing *In re S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006) (quotations omitted)). However, Chen's entire claim was based on his wife's three forced abortions. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n. 5 (2d Cir.2007) (declining to remand for factual development where there was no evidence that the factual record was not "adequately developed" with respect to the petitioner's other resistance claim). Chen's allegation that he suffered on account of his "other resistance" is raised for the first time before this Court. More-

over, while Chen testified that his employer threatened to terminate him if he and his wife had a child without the employer's permission and transferred him to a remote location after he and his wife had a child, there is no indication in the record that such treatment would constitute persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (economic persecution must be that "deliberate imposition of substantial economic disadvantage"); *see also Matter of T–Z–*, 24 I. & N. Dec. 163, 173 (BIA 2007) (economic persecution must "constitute a threat to [his] life or freedom").

Ultimately, we conclude that the agency's denial of Chen's application for asylum and withholding of removal was not in error. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

## II. CAT Relief

As the Government notes, Chen waives any challenge to the IJ's denial of CAT relief by failing to adequately address it in his opening brief. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, to the extent that Chen argues that the IJ failed to consider the failed to consider the possibility of torture to be faced by the petitioner upon his return to China at the hands of "the swindlers and the police," Chen failed to raise this issue in his brief to the BIA. Thus, we decline to consider this unexhausted argument. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).